UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SYLVESTER MITCHELL, III,<br>a/k/a "Vel,"<br><br>  Defendant. | 4:21-cr-40128-KES-1<br><br>ORDER DENYING MOTIONS<br>FOR SENTENCING REDUCTION |

Defendant, Sylvester Mitchell, filed a *pro se* motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Dockets 59, 60. Mitchell filed two supplements to his motion and another motion to reduce his sentence. Dockets 62, 64, 67. Plaintiff, the United States of America, opposes Mitchell's motion. Docket 63. For the following reasons, Mitchell's motions for a sentence reduction are denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence

modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

On August 29, 2022, the court sentenced Mitchell to a term of 160 months in custody. Docket 54. Mitchell's Guideline range, based on a total offense level of 33 and a Criminal History Category of IV, was 188-235 months in custody. Docket 49 at 18; Docket 54-1 at 1. Mitchell's criminal history, including a felony conviction for being a prohibited person in possession of firearms and aggravated endangering of a child, resulted in 5 criminal history

points. Docket 49 at 9-12. Mitchell received a two "status points" for committing the instant offense while under a criminal justice sentence. *Id.* at 12. His total criminal history score was 7, placing him in Criminal History Category IV. *Id.*

Mitchell filed a motion requesting assistance to determine whether he is eligible for a sentence reduction under Amendment 821 to the Sentencing 2 Guidelines based on the two additional "status points" he received. Docket 60. He argues he would be in Category III without those points, claiming that would change his sentence dramatically. *Id.* He reiterates those arguments in a later-filed supplements. Dockets 62, 64, 67.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> One point is added if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

The United States agrees that Mitchell received two "status points" because he committed the instant offense while under a criminal justice sentence, making him eligible for a reduction to his offense level; but this "change[] makes no difference based on the limitations set out in U.S.S.G. § 1B1.10." Docket 63 at 3.

3

Except in circumstances that are not present here, the court may not reduce a defendant's term to "less than the minimum of the amended guideline range" applicable after the changes to the Guidelines are applied. U.S.S.G. § 1B1.10(b)(2)(A).

Removing two "status points" from his criminal history would result in Mitchell having 5 criminal history points, placing him in Criminal History Category III. Coupled with his total offense level of 33, that category would result in a Guidelines range of 168-210 months' custody. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table). Under § 1B1.10(b)(2)(A), the lowest sentence Mitchell could receive would be 168 months' custody. Because Mitchell's sentence of 160 months in custody is below the bottom of his new guideline range of 168-210 months, this amendment does not decrease the available sentence, and he is not eligible for relief.

## CONCLUSION

It is ORDERED that Mitchell's motions (Dockets 59, 60, 67) are DENIED.

Dated February 27, 2024.

> BY THE COURT:
>
> */s/ Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE